UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., <br>           Plaintiff(s), <br> vs. <br> BACARA RIDGE ASSOCIATION, et al., <br>           Defendant(s). | Case No. 2:16-cv-02533-RFB-NJK <br> ORDER <br> (Docket Nos. 36, 37) |

Pending before the Court are Defendant SFR Investment Pool 1, LLC's motions to serve Cross-Defendant Derek L. Smith by publication and to enlarge time to serve him. Docket Nos. 36, 37. The Court finds these motions properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, these motions are **GRANTED**.

**I.      Motion to Extend Time for Service**

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on Cross-Defendant Smith by 60 days.

**II.     Motion for Leave to Serve by Publication**

Defendant seeks leave to serve Cross-Defendant Smith by publication. Docket No. 36. The Federal Rules of Civil Procedure provide for service pursuant to the law of the state in which the district court is located, or in which service is made. *See, e.g.*, Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants. Nevada law also permits a party to obtain leave for

service by publication when the opposing party, *inter alia* "cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." Nev. R. Civ. P. 4(e)(1). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the party at his residence and other methods of locating the party, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In this case, Defendant's process servers have made numerous attempts to serve Cross-Defendant Smith at his last-known home address. *See* Docket No. 36-1 at 4-5. Additionally, using a national search engine, Defendant's process servers have discovered post office box addresses and telephone numbers associated with Cross-Defendant Smith, and have attempted unsuccessfully to contact him using that information. *Id.* at 2-3. Defendant's process servers have also attempted unsuccessfully to determine Defendant's contact information through local, state, and cross-reference directories in Nevada, as well as the United States Postmaster. *See id.* Thus, the Court finds that Defendant has demonstrated sufficient diligence to warrant service by publication.

**III. Conclusion**

For the reasons discussed above, the Court **GRANTS** Defendant's motion to extend time to serve Cross-Defendant Smith. Docket No. 37. The deadline to serve Cross-Defendant Smith is hereby **EXTENDED** to May 19, 2017. The Court further **GRANTS** Defendant's motion to serve Cross-Defendant Smith by publication. Docket No. 36. Defendant shall comply with the requirements of Nevada Rule of Civil Procedure 4 and shall serve Cross-Defendant Smith by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks. After publication is complete, Defendant shall file an Affidavit of Publication from the Nevada newspaper.

IT IS SO ORDERED.

DATED: April 5, 2017.

NANCY J. KOPPE
United States Magistrate Judge