ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
VATANA LAY, ESQ.
Nevada Bar No. 12993
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
vatana.lay@akerman.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br> vs. <br><br> BACARA RIDGE ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; and ALESSI & KOENIG, LLC, <br><br> Defendants. | Case No.: 2:16 cv 02533-RFB-VCF <br><br> **STIPULATION AND ORDER TO STAY LITIGATION PENDING FINAL RESOLUTION OF PETITION(S) FOR WRIT OF CERTIORARI TO UNITED STATES SUPREME COURT** |
| SFR INVESTMENTS POOL 1, LLC, <br><br> Counter/Cross Claimaint, <br> vs. <br><br> BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS THE TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF THE CWHEQ IN., HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-S2; and DEREK L. SMITH, an individual, <br><br> Counter/ Cross Defendants. | |

Plaintiff Bank of America, N.A. (**BANA**) and Defendant SFR Investment Pool 1, LLC (collectively, the **parties**)[1] stipulate as follows:

---

[1] Defendant Alessi & Koenig, LLC (**Alessi**) filed a chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the District of Nevada on December 13, 2016, under Case No. 16-16593. Accordingly, the stay provisions of 11 U.S.C. § 362 (a)(1) automatically apply to Alessi.

{41173453;1}  1

1. This lawsuit involves the parties seeking quiet title/declaratory relief and other claims related to a non-judicial homeowner's association foreclosure sale conducted on a Property pursuant to NRS 116.

2. On August 12, 2016, the Ninth Circuit issued its decision on appeal in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159-60 (9th Cir. 2016) holding that NRS 116 is facially unconstitutional. The Court of Appeals issued its mandate in the appeal on December 14, 2016, vacating and remanding the judgment to the United States District Court, District of Nevada.

3. On January 26, 2017, the Nevada Supreme Court issued its decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Div. of Wells Fargo Bank*, *N.A.,* 133 Nev. Adv. Op. 5, ___ P.3d ___, 2017 WL 398426 (Nev. Jan. 26, 2017), holding, in direct contrast to *Bourne Valley*, that no state action supported a challenge under the Due Process Clause of the United States Constitution.

4. The parties in *Bourne Valley* and *Saticoy Bay* are seeking review of both decisions in the United States Supreme Court. Bourne Valley's deadline to file its petition for writ of certiorari of the Ninth Circuit's *Bourne Valley* decision is April 3, 2017. *See Bourne Valley Court Trust v. Wells Fargo Bank, NA*., United States Supreme Court Case No. 16A753. Wells Fargo's deadline to file its petition for writ of certiorari of the Nevada Supreme Court's *Saticoy Bay* decision is April 25, 2017. Thus, the parties believe that the stay requested herein is appropriate.

5. On February 8, 2017, the Nevada Supreme Court stayed the issuance of the remittitur in *Saticoy Bay* pending the filing of a petition for a writ of certiorari with the United States Supreme Court, and if a petition is filed, the stay of the remittitur will remain in effect until final disposition of the certiorari proceedings before the United States Supreme Court.

6. Since then, several judges in this district have stayed similar cases pending the exhaustion of all appeals before the United States Supreme Court. *E.g., Nationstar Mtg. LLC v. Green Valley S. Owners Assoc.*, No. 2:16-cv-00883-GMN-GWF; *Bank of America, N.A. v. Canyon Willow Trop Owners' Assoc.*, No. 2:16-cv-01327-GMN-VCF (D. Nev. Oct. 26, 2016); *Deutsche Bank Nat'l Trust Co. v. Copper Sands HOA*, No. 2:16-cv-00763-JAD-CWH (D. Nev. Feb. 28, 2017).

7. To determine if a continued stay is appropriate, the Court considers (1) damage from the stay; (2) hardship or inequity that befalls one party more than the other; and (3) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of litigation.

a. Damage from Stay: Any damage from a temporary stay in this case will be minimal if balanced against the potential fees, costs, and time which would surely ensue in this matter if litigation were allowed to continue that could be mooted by a decision in *Bourne Valley* certiorari proceedings. Indeed, the parties will be enable to avoid the cost and expense of continued legal proceedings in light of what is unsettled law to say the least. Moreover, the Court will be relieved of expending further time and effort until the conflict between the circuit and Nevada Supreme Court is resolved. Thus, a stay will benefit all parties involved herein.

b. Hardship or Inequity: There will be no significant hardship or inequity that befalls one party more than the other. This relatively equal balance of equities results from the need for all parties to have finality, given the split in the state and federal court decisions. The parties agree that any hardship or inequity falling on any of them is outweighed by the benefits of a stay.

c. Orderly Course of Justice: At the center of this case is a homeowners' association's foreclosure sale under NRS 116. The outcome of the petitions for writ in *Bourne Valley* and/or *Saticoy Bay* have the potential to affirm or overturn either case. Without a stay, the parties will expend resources that will be unnecessary if either or both petitions are granted. A stay would also avoid a likely appeal from any subsequent judgment in this case. A temporary stay would substantially promote the orderly course of justice in this case. A stay will avoid the moving forward without final resolution of the federal issues and the state court/federal court conflict.

8. The parties agree that all proceedings in the instant case, including motion and other litigation deadlines, are stayed pending final resolution of the *Bourne Valley* and/or *Saticoy Bay* certiorari proceedings before the United States Supreme Court.

9. Defendant SFR shall be required to keep current on all property taxes and assessments, HOA dues, maintain the property, and maintain insurance on the property at issue. SFR shall also be

required to provide proof of payment and insurance upon reasonable notice to counsel for BANA.

10. Defendant SFR shall be prohibited from selling or encumbering the property unless otherwise ordered by the Court.

11. Plaintiff BANA is prohibited from conducting foreclosure proceedings on the property unless otherwise ordered by the Court.

12. Any party may file a written motion to lift stay at any time for either party determines it appropriate.

| **AKERMAN LLP** | **KIM GILBERT EBRON** |
|---|---|
| */s/ Vatana Lay, Esq.* | */s/ Diana Cline Ebron, Esq.* |
| ARIEL E. STERN, ESQ.<br>Nevada Bar No. 8276<br>VATANA LAY, ESQ.<br>Nevada Bar No. 12993<br>1160 Town Center Drive, Suite 330<br>Las Vegas, Nevada 89144<br>*Attorneys for Plaintiff Bank of America, N.A.* | DIANA CLINE EBRON, ESQ.<br>Nevada Bar No. 10580<br>7625 Dean Martin Drive, Suite 110<br>Las Vegas, Nevada 89139<br>*Attorney for Defendant SFR Investments Pool 1, LLC* |

**Hall JAFFE & CLAYTON, LLP**
*/s/ Ashlie L. Surer*

ASHLIE L. SURUR, ESQ.
Nevada Bar No. 11290
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorney for Defendant Bacara Ridge Association*

**ORDER**

**IT IS SO ORDERED:**

_____
**UNITED STATES DISTRICT COURT JUDGE**

DATED: April 11, 2017